81 F.3d 171
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Lee YOUNG, Defendant-Appellant.
 No. 95-10229.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1996.*
Decided March 27, 1996.
 
 Before: THOMPSON, KLEINFELD and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Young argues that 18 U.S.C. § 922(g) is unconstitutional under United States v. Lopez, 115 S.Ct. 1624 (1995). We have rejected this contention in United States v. Hanna, 55 F.3d 1456, 1462 & n. 2 (9th Cir.1995) and are bound by that decision.
 
 
 3
 Young argues that there was insufficient corroboration for his out of court admissions, under Opper v. United States, 75 S.Ct. 158, 163 (1954) and United States v. Lopez-Alvarez, 970 F.2d 583, 589 (9th Cir.1992). But there was "substantial independent evidence which would tend to establish the trustworthiness of [Young's] statement." See Opper, 75 S.Ct. at 164. Young matched the description of the shooter, the gun was found at Young's brother's house where Young said it was, and the brother said Young knew where his gun was and had access to it.
 
 
 4
 Young's admission did not need to be suppressed, even though the officer asked him what had happened before advising him of his Miranda rights. Young was not then in custody. He was standing in the parking area of a residential trailer park and was not handcuffed or under any restraint. Young was not told that he was under arrest, and the police officer had not drawn his gun, ordered Young to put his hands on the roof of the car, or taken any action which would make it clear that Young could not leave. The police officer testified that he had received information that a man fitting Young's description had shot a gun, but he was not detaining Young yet when he questioned him, because "there is always two sides to every story" and he wanted to hear Young's side of the story before he decided what to do. Young himself conceded that his subjective feeling that he was not free to leave was based on "prior experiences" and not the police officer's conduct in his driveway. Under Stansbury v. California, 114 S.Ct. 1526, 1528-29 (1994), and Berkemer v. McCarty, 104 S.Ct. 3138 (1984), Young was not in custody at the time he made the statement in the trailer park, so the district court properly did not suppress it.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3